# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 15-102 |
| | ) | |
| KELLI JOHNSON, | ) | |
| | ) | |
| Defendant | ) | |

## Opinion and Order

Presently before the court is defendant Kelli Johnson's Motion to Revoke Pretrial Detention Order. ECF No. 23. The government has filed a Response and has provided under separate cover the exhibits introduced at the Detention hearing. ECF No. 25.

Defendant was indicted On May 12, 2015, by grand jury indictment charging her with one count of conspiracy to distribute and possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 846. Ms. Johnson entered a plea of not guilty on May 19, 2015. The government sought to detain Ms. Johnson and a detention hearing was held the same day.

Because Ms. Johnson is charged with a violation of the Controlled Substances Act for which the maximum penalty is ten years or more and that there is probable cause to believe that the defendant committed the offense, the presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. 18 U.S.C. § 3142(e). Pursuant to 18 U.S.C. § 3142(e)(3):

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as

required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed --

(A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the controlled Substances Act (21 USC 801 et seq.)

18 U.S.C. § 3142(e)(3).

In determining whether any condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community, the judicial officer is to "take into account the available information concerning" the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense . . . for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and the characteristics of the person, including-
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . . .

18 U.S.C. § 3142(g).

At the detention hearing, the government presented testimony from Special Agent Aaron Francis of the Federal Bureau of Investigation. In part, Agent Francis testified as to wiretap surveillance showing that Ms. Johnson engaged in crack cocaine transactions in which she sold

crack in her residence when her children were present, and sold crack outside of her residence taking her children when traveling to conduct the transaction. Agent Francis also testified that a quantity of raw heroin was found in Ms. Johnson's residence.

Ms. Johnson argued at the detention hearing that she has rebutted the presumptions that she is a flight risk and a danger to the community and thus has overcome the presumption of detention in this case. The government argued that Ms. Johnson had failed to rebut the presumption of detention, and that even if she had rebutted the presumption the government had presented sufficient evidence to show that Ms. Johnson should be detained.

The Magistrate Judge agreed with the government and found that Ms. Johnson had not rebutted the presumption of detention. Tr. Arraignment & Detention Hearing, 36. She further stated that the government's evidence showed "that there was dealing in illegal substances in and out of the home, around the children or around children's birthday parties, and I find that that does present a risk to the safety of the community." Tr. 37. In denying Bond, the Magistrate Judge found by clear and convincing evidence that no conditions will reasonably assure the safety of others and the community. Tr. 38.

Ms. Johnson argues that we should revoke the detention order because she has adequately rebutted the presumption of detention by showing that she is a lifelong resident of Allegheny County, has no prior criminal convictions, has not failed to appear for any court hearing, and is not alleged to have been engaged in any acts of violence or to have ever been in possession of a firearm. We agree with the Magistrate Judge's decision.

Ms. Johnson has not presented any evidence to rebut the presumption of detention. She argues that her present circumstances as she appeared before the Magistrate Judge were sufficient to overcome the presumptions of risk of flight and danger to the community. These

circumstances are that she is a lifelong resident of Allegheny County, she owns a home, has three children, has no prior criminal convictions, is unemployed, has not failed to appear for any court hearing, and is not alleged to have been engaged in any acts of violence or to have ever been in possession of a firearm. At the hearing, her counsel acknowledged that Ms. Johnson's "home was involved in the drug distribution[,]" but argued that "pretrial services can fashion . . . conditions . . . to make sure that this home is not utilized for any drug transactions." Tr. 35. Counsel's suggestion is not evidence to rebut the presumption of detention, but rather is an argument that the presumption of detention should not apply in this case. Thus, in the first instance we find that Ms. Johnson has failed to rebut the presumption of detention.

Finally, it is abundantly clear that the government's evidence demonstrating that Ms. Johnson was engaging in crack cocaine transactions in her house and in the presence of her children shows that she does present a danger to the community. Accordingly, following a *de novo* review of the pleadings, evidence, and transcript of the detention hearing we will deny Defendant's motion to revoke pretrial detention order.

Accordingly, the following Order is hereby entered.

And now, this 6th day of July, 2015, following a *de novo* review of the pleadings, evidence, and transcript of the detention hearing it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Revoke Pretrial Detention Order said Motion be and hereby is DENIED.

Maurice B. Cohill, Jr.
Senior United States District Court Judge